Frank E. COGHILL, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–1049.

United States Court of Veterans Appeals.

Oct. 31, 1995.

Michael P. Horan and Linda E. Blauhut, Washington, DC, were on the brief for the appellant.

Mary Lou Keener, General Counsel, Atlanta, GA; Norman G. Cooper, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and John C. Winkfield, Washington, DC, were on the brief for the appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

IVERS, Judge:

Frank E. Coghill, Jr., appeals a September 30, 1993, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a left elbow disability (tennis elbow). *Frank E. Coghill,* BVA 93–18615 (Sept. 30, 1993). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the September 1993 decision of the BVA.

## I. Factual Background

The appellant served on active duty in the United States Marine Corps from September 9, 1958, to June 30, 1978. Record on Appeal in Vet.App. No. 91–1073 (R.) at 1; *see* R. at 56, 63. (Three different parts of the record on appeal (ROA) have been submitted in connection with this appeal. The first was submitted in connection with a previous appeal to this Court regarding the same service connection claim for tennis elbow, No. 91–1073, which was eventually, as will be described below, remanded by the Court for readjudication. The second part consists of a copy of the ROA that had been submitted in No. 91–1073 and which has now been submitted in the instant appeal and captioned for the purposes of this appeal "Record on Appeal in Vet.App. No. 91–1073." The third part consists of documents developed after the Court's remand for readjudication and is captioned "Supplemental Record on Appeal.")

An April 21, 1978, service medical record indicated that the appellant had complained of pain in his right elbow playing tennis. Supplemental (Suppl.) R. at 19. The condition was described as a mild case of tennis elbow. *Ibid.*

In October 1989, the appellant filed an application with a VA regional office (RO) seeking service connection for soreness of the left elbow, which he indicated first ap-

peared in 1978. R. at 8. He underwent a VA medical examination on November 15, 1989. R. at 37–40. Upon examination of his left elbow, the examining VA physician remarked that the appellant had developed pain in his left elbow in 1977. R. at 40. The physician also noted that there was tenderness of the lateral epicondyle of the left humerus but that there was no apparent functional disability at that time. R. at 39. The physician diagnosed the condition as chronic tennis elbow with occasional episodes of tenderness and pain. R. at 40. On February 21, 1990, the RO denied service connection for left tennis elbow. R. at 56–57. On February 25, 1991, the Board denied service connection for a left elbow disability. Suppl.R. at 56–59. On July 26, 1991, the Board Chairman denied the appellant's motion for reconsideration of the February 1991 BVA decision. R. at 90.

The appellant then appealed the February 1991 BVA decision to the Court. On March 23, 1992, the Secretary filed an unopposed motion to remand the case for the Board to seek to obtain any available medical records pertaining to treatment of the appellant at Fairchild Air Force Base in Washington and to issue a decision on readjudication addressing such records in compliance with the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1) and 38 U.S.C. § 5107(b). Suppl.R. at 62–65. The Court granted the Secretary's motion on March 27, 1992, incorporating in its order the instructions contained in the motion. Suppl.R. at 67. Subsequently, the Board remanded the case for the RO to seek to obtain the additional medical records. Suppl.R. at 82–85. Treatment records obtained on remand concerned diagnoses and treatment of left tennis elbow and tendinitis, starting in July 1986. Suppl.R. at 92–95. The RO confirmed the denial of service connection for left elbow tendinitis on February 24, 1993. Suppl.R. at 100. On September 30, 1993, the Board denied service connection for a left elbow disability. *Coghill,* BVA 93–18615, at 3, 6. The appellant subsequently appealed the BVA decision to the Court.

## II. Analysis

■ The Court reviews the Board's findings of fact regarding the claim under a "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *see Harder v. Brown,* 5 Vet.App. 183, 187 (1993); *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). Under the "clearly erroneous" standard of review, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Ibid.* The Board must base its decisions on "all evidence and material of record," 38 U.S.C. § 7104(a), and must provide a "written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1); *see Douglas v. Derwinski,* 2 Vet.App. 435, 438–39 (1992) (en banc), *vacating in part on other grounds,* 2 Vet.App. 103 (1992); *Gilbert,* 1 Vet.App. at 56–57. Pursuant to these statutory requirements, the Board must "account for the evidence which it finds to be persuasive or unpersuasive," and provide reasons or bases for rejecting all material evidence submitted by or on behalf of the claimant. *Gabrielson v. Brown,* 7 Vet.App. 36, 40 (1994); *Gilbert,* 1 Vet.App. at 57.

■ In its September 1993 decision, the Board specifically addressed the issue of the credibility of the service medical record which the appellant challenged as incorrect for having referred to a right, rather than a left, elbow injury. Particularly, the Board stated:

Specifically, given the fact that the veteran is right-handed, it is clear from the record that he developed right tennis elbow during service after playing tennis. It is also quite evident from the post-service clinical data that he developed a left elbow disability approximately eight years after service as a result of using his nondominant left upper extremity in his work as a general contractor.

*Coghill,* BVA 93–18615, at 5–6. The appellant is correct in that the Board may not create its own facts in support of a conclusion without any support from the evidence of

record. In *Beaty v. Brown*, 6 Vet.App. 532, 537 (1994), the Court stated: "It ·is the Board's task to make findings based on evidence of record—not to supply missing facts." *See also Colvin v. Derwinski*, 1 Vet. App. 171, 175 (1991) (BVA may rely only on independent medical evidence). However, in connection with a November 1989 VA medical examination, the appellant reported that he had persistent pain in his left elbow and indicated that "[w]hen working, as in repairing appliances, [his left] elbow hits [the] floor[, resulting in] severe pain." R. at 37. This remark by the appellant indicates a relation between his occupation as a handyman and symptoms involving his left elbow. Moreover, the Board's finding that the appellant is· right-handed is supported by notations to that effect in a January 1978 service medical record (Suppl.R. at 42) and a July 1986 Fairchild Air Force Base medical record (Suppl.R. at 92). Therefore, the Board's reasoning rests on a plausible basis in the record.

In addition, the Board's decision rests on other plausible bases. In particular, the Board based its denial on the determination that the in-service medical record of a right, rather than a left, elbow injury was credible. *Coghill*, BVA 93–18615, at 5–6; *see Owens v. Brown*, 7 Vet.App. 429, 433 (1995) ("it is the responsibility of the BVA, not this Court, to assess the credibility and weight to be given to the evidence"). In determining credibility, the Board must still account for the evidence that is both favorable and unfavorable to the appellant's claim and must provide reasons or bases for its findings regarding the credibility of that evidence. *See McGinty v. Brown*, 4 Vet.App. 428, 432 (1993); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 170 (1991). In this case, the appellant's only evidence regarding the service medical record in question consisted of his own statements. Upon its review of the record, the Board found that the descriptions in the record of the elbow's condition were sufficient to exclude the possibility of a "clerical error." *Coghill*, BVA 93–18615, at 5. On this basis, the Board concluded that the appellant's in-service elbow condition affected the right, not the left, elbow. Thus, the Board provided reasons or bases for its credibility determinations re-

garding the service medical record and the appellant's account of events.

In addition, the Board noted that the service medical record describing treatment of the appellant's in-service injury for an elbow condition, whether it related to a right or· a left elbow condition, had assessed the appellant's condition as "mild." *Coghill*, BVA 93–18615, at 4. The Board also noted that no subsequent service medical records described any residuals of the elbow condition. *Ibid.; see Cahall v. Brown*, 7 Vet.App. 232, 236 (1994) (record did not indicate that back injury was anything other than acute and transitory) (quoting 38 C.F.R. § 3.303(b) (1994)). In a May 15, 1990, substantive appeal to the Board, the appellant stated that he had been told by the Marine Corps physician who had examined his elbow injury that pain was to be expected. R. at 65. However, the appellant also indicated in that statement that he did not seek treatment for that condition until 1986. *Ibid.* The Board also noted that the appellant was treated for tendinitis of the left elbow in 1986, many years after service. In the absence of competent evidence of a relationship between any in-service injury and the current disability, the Board's denial of the appellant's claim was not clearly erroneous. *See Espiritu v. Derwinski*, 2 Vet. App. 492, 494 (1992) (layperson is generally not competent to opine on matter involving medical knowledge); *see also Thibault v. Brown*, 5 Vet.App. 520, 523 (1993) (BVA's denial of service connection was not clearly erroneous where BVA found virtually no evidence of in-service pathology of elbow and where record was devoid of post-service evidence of elbow condition until more than a decade after service).

Aside from the appellant's own contentions, the only evidence of an in-service left elbow condition is the November 1989 VA examination report which related that the appellant had developed pain in the left elbow in 1977. R. at 40. First, this statement by the VA physician appears to have been based solely on the appellant's account of his history. *See Owens*, 7 Vet.App. at 433 (Board was not bound to accept uncorroborated account by claimant of certain teeth missing in service). Second, the report did

not indicate that the in-service episode was related to a current condition. Third, the remark in the 1989 VA examination report conflicts with the service medical record concerning treatment for a right elbow condition. *See ibid.* (where physicians' opinions were predicated on account that conflicted with service medical records, Board's rejection of physicians' opinions was justified).

Under all of these circumstances, the Court holds that the Board's decision was not clearly erroneous.

### III. Conclusion

Accordingly, upon consideration of the record, the appellant's brief and reply brief, and the Secretary's brief, the Court AFFIRMS the September 1993 decision of the BVA.