# United States Court of Appeals for the Federal Circuit

---

**DANIEL R. GILBERT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7056

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2355, Chief Judge Bruce E. Kasold.

---

Decided: April 24, 2014

---

ZACHARY M. STOLZ, Chisholm Chisholm & Kilpatrick, Ltd., of Providence, Rhode Island, argued for claimant-appellant. With him on the brief was THOMAS R. BENDER. Of counsel on the brief was CHRISTOPHER J. CLAY, Disabled American Veterans, of Cold Springs, Kentucky. Of counsel was ROBERT V. CHISHOLM, Chisholm Chisholm & Kilpatrick, Ltd., of Providence, Rhode Island.

MARTIN F. HOCKEY, JR., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC., argued for respondent-appellee. With him on the brief were STUART

F. DELERY, Assistant Attorney General, and JEANNE E. DAVIDSON, Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————

Before NEWMAN, MOORE, and WALLACH, *Circuit Judges.*

MOORE, *Circuit Judge.*

Daniel R. Gilbert appeals from the judgment of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision by the Board of Veterans Appeals (Board) to deny Mr. Gilbert service connection for psychiatric disability. We *affirm*.

## BACKGROUND

Mr. Gilbert served in the Navy. His report of medical history upon entry into service revealed no psychiatric defects. After leaving service, Mr. Gilbert was diagnosed with major depression and required treatment for psychiatric illness and alcohol abuse and dependence. While in treatment, Mr. Gilbert acknowledged that he experienced depressive episodes and suicidal ideation throughout his life, that he has been abusing drugs and alcohol since he was a teenager, and that he continued to abuse alcohol while he served in the Navy.

Mr. Gilbert filed a claim for compensation for psychiatric disability and other conditions with the Department of Veterans Affairs (VA). Multiple psychiatric examinations produced conflicting opinions on whether Mr. Gilbert's mental illness was related to service. The VA denied service connection, and the Board affirmed. The Board noted that the statutory "[p]resumption of sound condition" was applicable because no psychiatric condition was noted upon entry into service. *In the Appeal of Gilbert*, No. 08-19 047, slip. op. at 19 (Bd. Vet. App. June 30,

2011); *see* 38 U.S.C. § 1111 (2012). To rebut the presumption, the government had to provide "clear and unmistakable evidence demonstrat[ing] that the disease existed before . . . enrollment *and* was not aggravated by . . . service." 38 U.S.C. § 1111 (emphasis added). Based on Mr. Gilbert's acknowledged history of depression and substance abuse, the Board concluded that the government proved by clear and unmistakable evidence that Mr. Gilbert's psychiatric illness pre-existed enrollment. *Appeal of Gilbert*, slip op. at 19. The Board also found, however, that the government failed to establish that Mr. Gilbert's "pre-existing depression was not aggravated by active service," and thus did not rebut the presumption of soundness. *Id.* at 20. The Board nevertheless denied service connection because it concluded that Mr. Gilbert failed to prove that his post-service psychiatric conditions "were correlated to [his] military experiences." *Id.* The Veterans Court affirmed, concluding that the evidence of record "did not support a finding of nexus between [Mr. Gilbert's] current depression and an injury or disease incurred or aggravated by service." *Gilbert v. Shinseki*, 26 Vet. App. 48, 54 (2012) (per curiam).

Mr. Gilbert appeals. We have jurisdiction under 38 U.S.C. § 7292(a) (2012).

## DISCUSSION

Absent constitutional issues, the scope of our review of Veterans Court's decisions is limited to "the validity of a decision of the [Veterans] Court on a rule of law or a statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." *Id.* § 7292(a); *see id.* § 7292(d). We review legal determinations of the Veterans Court *de novo*. *Buchanan v. Nicholson*, 451 F.3d 1331, 1334 (Fed. Cir. 2006).

Mr. Gilbert argues that the Veterans Court's interpretation of § 1111 was erroneous. He contends that § 1111

relieves him from having to prove that his condition manifested in service or demonstrate a nexus between his present psychiatric condition and in-service injury. We disagree with Mr. Gilbert on the second point and therefore affirm the Veterans Court's decision without reaching the first point.

To be eligible for disability compensation, a veteran must show "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." *Shedden v. Principi*, 381 F.3d 1163, 1166–67 (Fed. Cir. 2004). It is undisputed that Mr. Gilbert has a present disability, and has therefore established the first element needed to make out a successful claim for benefits. But Mr. Gilbert has not established the third element. The Board credited the determination of VA medical examiners that Mr. Gilbert's "current mental health diagnoses were not directly related to service or worsened or aggravated by service." *Appeal of Gilbert*, slip op. at 22. These findings, which we lack jurisdiction to review, disqualify Mr. Gilbert from benefits because they evince a failure of proof of causal relationship or nexus.

The presumption of soundness cannot fill this evidentiary gap. Section 1111, which announces the presumption of soundness, states that "every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service." 38 U.S.C. § 1111. As we explained in *Holton v. Shinseki*, "the presumption of soundness relates to the second element required to establish a right to disability compensation—the showing

of in-service incurrence or aggravation of a disease or injury." 557 F.3d 1362, 1367 (Fed. Cir. 2009). The presumption of soundness does not relate to the nexus requirement.

Mr. Gilbert's attempts to distinguish *Holton* are unavailing. Mr. Gilbert argues that he, unlike the claimant in *Holton*, had an injury that pre-existed service. But *Holton* makes clear that the presumption of soundness does not relieve the veteran of having to show nexus whether the claim is for an injury first manifested in service or for an aggravation of a preexisting injury. "The presumption of soundness . . . does not relieve the veteran of the obligation to show the presence of a current disability and to demonstrate a nexus between that disability and the in-service injury or disease *or aggravation thereof*." *Id.* (emphasis added). Thus, the presumption of soundness cannot help Mr. Gilbert establish the nexus element of his claim for service connection.

## CONCLUSION

We have considered the parties' remaining arguments and do not find them to be persuasive. We *affirm*.

## **AFFIRMED**