﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 180912-794
DATE: February 22, 2019

ORDER

Readjudication of the claim for service connection for bipolar disorder is warranted.

Service connection for bipolar disorder is granted.

FINDINGS OF FACT

1. New evidence was received after the May 2005 denial that is relevant to the

issue of entitlement to service connection for bipolar disorder.

2. Bipolar disorder was not noted on the Veteran’s service entrance examination report, and there is an absence of clear and unmistakable evidence that the bipolar disorder existed prior to service.

3. The criteria to establish service connection for bipolar disorder have been met.

CONCLUSIONS OF LAW

1. The criteria for re-adjudicating the claim for service connection for bipolar disorder have been met. Veterans Appeals Improvement and Modernization

Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

2. The criteria for service connection for bipolar disorder have been met. 38 U.S.C. §§ 1110, 1111; 38 C.F.R. § 3.303(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran served honorably in the United States Air Force from February 2004 to February 2005. The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested to submit additional evidence.

NEW AND RELEVANT EVIDENCE

1. Whether new and relevant evidence was presented to warrant

re-adjudicating the May 2005 claim for service connection for bipolar disorder.

The Veteran contends that she submitted evidence with her legacy system petition to reopen a claim for service connection for bipolar disorder that is new and relevant and warrants re-adjudication of the issue.

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The questions in this case are whether the Veteran submitted evidence after the prior final denial of her claim for service connection for bipolar disorder in the legacy system, and if so, whether that evidence is new and relevant to her claim.

The Board finds the Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to her claim. The Veteran submitted a statement from her former psychologist dated September 2010 stating that she showed no signs of bipolar disorder prior to service. The Veteran also submitted statements from her parents in support of her claim, saying she showed no signs of bipolar disorder growing up. Finally, the Veteran submitted a November 2018 opinion by a clinical psychologist who noted that nothing in her records showed a prior history of bipolar disorder. This evidence was not already of record and may prove or disprove the nexus element of the claim for service connection for bipolar disorder. As such, re-adjudication of the claim is warranted.

SERVICE CONNECTION

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

2. Entitlement to service connection for bipolar disorder.

Here, the evidence of record includes a current diagnosis of bipolar disorder. As such, the first requirement to establishing service connection, evidence of a current disability, has been met. 

Next, the evidence of record makes it at least as likely as not that the Veteran manifested symptoms of bipolar disorder during service. In statements and testimony, the Veteran asserted that her bipolar symptoms began following an incident of military sexual trauma. She has submitted buddy statements from her parents and her therapist to support this assertion. The Board finds these statements to be credible.

There is some indication in the evidence that the Veteran’s disability is a pre-existing disease that manifested prior to service. The records reflect that the Veteran was hospitalized at age sixteen after cutting her wrist. Additionally, the discharge papers dated January 2005 note that the Veteran was found “physically unfit for continued military service due to a physical disability which existed prior to miliary service” (emphasis added).

A veteran is presumed to have been sound upon entry into the military, except as to conditions noted at the time of the acceptance, examination, or enrollment, or where clear and unmistakable evidence demonstrates that the condition existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C. § 1111 (2012); Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). The presumption of soundness applies only when a disease or injury not noted upon entry to service manifests in service, and a question arises as to whether it preexisted service. Gilbert v. Shinseki, 26 Vet. App. 48, 55 (2012), aff’d 749 F.3d 1370 (Fed. Cir. 2014).

Once the presumption of soundness applies, the burden of proof shifts to VA to prove both pre-existence and the absence of aggravation by clear and unmistakable evidence. Horn v. Shinseki, 25 Vet. App. 231 (2012). If a veteran is presumed sound at service entrance, a disease or injury that manifested in service is deemed incurred in service if the Secretary is unable to rebut the presumption. Gilbert, 26 Vet. App. at 53.

The presumption of soundness relates to the second requirement - the showing of in-service incurrence or aggravation of a disease or injury. In order to invoke the presumption of soundness, a claimant must show that he or she suffered from a disease or injury while in service. Thereafter, except for conditions noted at induction, the presumption of soundness ordinarily operates to satisfy the second service connection requirement without further proof. Horn, 25 Vet. App. at 236.

In this case, the Veteran is entitled to the presumption of soundness because bipolar disorder was not “noted” at service entrance, nor was any other mental condition. See 38 U.S.C. § 1111; Horn, 25 Vet. App. 231. Medical records at entry report no depression, excessive worry, suicide attempts, nor treatment for any mental condition. 

During a September 2004 evaluation, the examiner notes that the Veteran had a family history of bipolar disorder but that she had not previously been diagnosed. A November 2004 Medical Board Report notes the approximate date of origin of her bipolar disorder as summer 2004.

The Veteran has continually contended that her bipolar disorder was brought on by an incident of military sexual trauma. Records recount an incident in 2004 in which her military superior made inappropriate comments and advances against the Veteran. In August 2010, she sought treatment for military sexual trauma, and cited it as a driving cause of her bipolar disorder. In a September 2010 letter, her therapist wrote a statement saying the Veteran showed no signs of bipolar disorder before February 2004, when she was sexually harassed in the military by her superior officer. A June 2012 VA examination notes that she was diagnosed with bipolar disorder after an incident of sexual harassment. The Veteran again contended in a March 2013 VA examination that she was diagnosed with bipolar disorder after an episode of sexual harassment.

The Veteran was hospitalized for approximately a week in April 2015 due to her bipolar symptoms. The Veteran noted at the time that her mood had suddenly worsened in the preceding two days, including experiencing suicidal thoughts.

The Veteran’s mother submitted a buddy statement on her behalf in June 2015. Her mother states that prior to service the Veteran was a “normal, happy young lady” who got above average grades, was always on the Dean’s List, and was financially responsible. Her mother also states that she did not suffer from mental health issues as a teenager or at any point prior to enlistment but that after she enlisted there were noticeable differences in her behavior. She asserts that the Veteran has not been the same since service, and in fact has struggled with everyday life, stresses, and daily tasks. Similarly, the Veteran’s father submitted a statement in July 2015 in which he states the Veteran had never exhibited bipolar signs prior to entering service.

In a November 2018 statement, a private clinical psychologist provided a comprehensive overview of the evidence in the Veteran’s file, including military and medical records. He noted her incident of cutting at age 16, but explained that typically in teenagers that is a cry for attention and not a suicide attempt. He notes the Veteran herself admitted she was seeking attention, and denied that she was attempting suicide. The psychologist concluded that there was no evidence in her records of any pre-military psychological disorders.

The Board acknowledges the cutting incident and corresponding voluntary hospitalization when the Veteran was 16, as well as the note at discharge suggesting a pre-existing psychiatric disorder. However, no such disorder was noted upon her entry into the Air Force, and psychological evaluations since then have consistently agreed that she showed no symptoms of bipolar disorder prior to 2004, when she experienced an incident of military sexual trauma. The Board finds the lack of documentation of any psychiatric disorder on entry and the consistent findings of the Veteran’s psychiatric treatment providers to be more probative.

Accordingly, this evidence does not meet VA’s clear and unmistakable burden of proof; as such, the presumption of soundness is not rebutted. See 38 U.S.C. § 1111; Horn, 25 Vet. App. 231. The second element of service connection is met because the Veteran is presumed sound at service entrance, and because the presumption of soundness is not rebutted, the bipolar disorder that manifested in service is found to have been incurred in service. Gilbert, 26 Vet. App. at 53. 

For these reasons, the Board finds that the evidentiary record supports a positive finding as to all material elements of the claim. Therefore, service connection is granted for bipolar disorder. 

 

CAROLINE B. FLEMING

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Stuedemann, Associate Counsel