Citation Nr: 1522700 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-36 444A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a back disability.

2. Entitlement to service connection for a left knee condition, to include as secondary to a back disability. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

N. DiPadova, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1978 through July 1981. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 


FINDINGS OF FACT

1. The Veteran's lumbar spine disability, to include degenerative disc disease, did not manifest during service or within one year of separation from service, and is not attributable to an event or injury in service. 

2. The competent medical evidence of record does not show that the Veteran has a left knee condition.


CONCLUSIONS OF LAW

1. The criteria for service connection for a back disability have not been met. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).

2. The criteria for service connection for a left knee disability have not been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2014).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Notice and Assistance

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. See e.g., 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159. The duty to notify was satisfied in a May 2009 letter and the August 2010 statement of the case; the claims were subsequently readjudicated in an October 2011 supplemental statement of the case.

The duty to assist has also been met. VA has obtained, to the extent possible, all relevant evidence identified by the Veteran and necessary for an equitable resolution of the issues on appeal. The Veteran has not identified any evidence that remains outstanding. The Veteran was afforded an adequate examination regarding the back disability. A medical opinion has not been obtained in connection with the claimed knee disorder. As discussed below, there is no evidence of complaints or treatment for the claimed left knee disorder during service or of continuous symptoms since service and no indication the claimed condition may be associated with service. 

II. Service Connection 

Establishing service connection on a direct basis generally requires medical or, in certain circumstances, lay evidence of a current disability; an in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Caluza v. Brown, 7 Vet.App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). Alternatively, service connection may be established under 38 C.F.R. § 3.303(b) by evidence of (i) the existence of a chronic disease, such as arthritis in service or during an applicable presumption period under 38 C.F.R. § 3.307, (ii) present manifestations of the same chronic disease, and (iii) evidence of continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). 

A Veteran will be considered to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto. Only such conditions as are recorded in examination reports are to be considered as noted. 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304(b).

The presumption of soundness relates to the second service-connection element-the showing of an in-service incurrence or aggravation of a disease or injury. Holton v. Shinseki, 557 F.3d 1362 (Fed. Cir. 2009). Before the presumption of soundness is for application, there must be evidence that a disease or injury that was not noted upon entry to service manifested or was incurred in service. Gilbert v. Shinseki, 26 Vet.App. 48 (2012). 

The Veteran's July 1978 service entrance examination is negative for notation of a lumbar spine disability. An April 1979 service treatment record (STR) reflects that the Veteran was treated for low back pain experienced while doing sit-ups; he reported "feeling well" until then. The diagnosis was muscular strain. On evaluation two days later, the Veteran reported having had back pain since age 9 when he fell off a slide, without history of fracture. On examination, the examiner noted pain with straight leg raising, tenderness over "all vertebra !" and "all L thorax!" The diagnoses included suspect functional overlay and lumbosacral strain. The Veteran was placed on light indoor duty for one week. There was no subsequent treatment in service. A June 1981 entry noted that a separation examination was completed on that date; however, there is no record of the examination in the file. 

During service, the Veteran complained of back pain and gave a history of back pain since age 9. On enlistment examination, there was no back defect noted; thus, the Veteran is presumed sound. This presumption can only be overcome by clear and unmistakable evidence that the injury or disease preexisted service and was not aggravated by service. See Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004). 

On his VA Form 9, Substantive Appeal, the Veteran indicated that the information in his medical records that he had a back injury at age 9 was not accurate and that this incident may have occurred to his sister. In support of his claim, he submitted a September 2010 statement from his sister that she made a statement to Social Security that she injured her back when she was 9 years old, not her brother. The Board does not find those statements credible as the initial report was made by the Veteran during service, while he was being treated for back pain. His recent assertion that the statement is inaccurate was made in connection with his current claim for benefits and only offered after the initial denial of his claim. His sister's recollection is that she made a statement to Social Security after his service. 

Nevertheless, the Board does not find that there is clear and unmistakable evidence that the Veteran had a back defect prior to service. The STRs that notes his reported history also included his reported history of being well until that time and the examiner's notation that there was no history of fracture. Thus, the Board finds that the presumption of soundness has not been rebutted and the Veteran was sound at enlistment. 

There is medical evidence demonstrating that the Veteran has a current lumbar spine disability. Specifically, a May 2009 disability evaluation by Dr. Z. completed in conjunction with the Veteran's claim for Social Security Administration (SSA) benefits includes diagnoses of chronic pain syndrome, postoperative lumbar laminectomy, discogenic disease, and osteoarthritis. Therefore, the first element of service connection is met. 

April 1979 STRs reflect that the Veteran was treated twice for low back pain and was diagnosed with lumbosacral strain. Therefore, the evidence shows an event in service and the second element of service connection is met. 

What remains to be established is whether the Veteran's current back disability is related to service. The Board finds that the preponderance of the evidence is against the claim. 

Medical records considered by SSA include a May 2009 letter from a physician who examined the Veteran and noted his reported history of low back pain since a 1989 injury, with surgery in 1993. He was reportedly able to return to work in 1994, but the pain became worse in approximately 2007. 

The SSA record also includes the Veteran's testimony at an SSA hearing that he originally injured his back and knee in 1989 and underwent back surgery in 1992. He reported that he received an 80% disability rating from VA due to his conditions. 

A July 2010 VA examination report provides a thorough assessment of the Veteran's medical history and current disability. The examiner notes: "as far as his back and the military are concerned, there is really only several instances primarily in 1979 where he complained about back pain. At no time was there any indication he ever had an injury to his back. He was diagnosed with minor strain and there were no subsequent residuals on discharge from the service because he had no indication of complaints of a back problem until 1993." The examiner thus concluded that the record did not contain any compelling evidence of an injury or exacerbation of the Veteran's back during service and that his low back issues are a result of a 1993 incident that occurred while the Veteran was working. A television dropped and the Veteran heard a pop in his back. The work-related incident required surgery, and the Veteran has complained of low back problems since that incident. The examiner concluded "[i]t is therefore my opinion that his current back problem is due to his on-the-job injury in 1993, is not due to or a result of military service." 

The Board places substantial weight on this probative opinion. The opinion addresses the pertinent question at hand, describes the disability in sufficient detail, and thoroughly explains the reasoning for the conclusions reached, thus, allowing the Board to make a fully informed evaluation of the underlying medical issues. Stefl v. Nicholson, 21 Vet. App. 120 (2007). The VA examiner's opinion reflects one inconsistency; he states that the accident and treatment of the work-related incident occurred in 1993, but according to other records, the incident occurred in 1989 and the surgery occurred in 1993. The Board finds that this small inconsistency with the record does not decrease the probative value of the VA examiner's opinion as the opinion reflects the incident occurring "sometime around 1993." Monzingo v. Shinseki, 26 Vet. App. 97 (2012). The work-related injury and treatment of the injury is the basis for the examiner's opinion. Further, the opinion reflects that pertinent evidence, including in-service and post-service treatment records and lay statements of record, was considered in reaching the medical conclusion. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

The Board has also considered whether presumptive service connection for arthritis as a chronic disease is warranted in the instant case. Although the Veteran has indicated that he experienced symptoms of pain in his lower back during service and after his service discharge, the evidence of record fails to establish that he had arthritis to a compensable level within one year of his separation from service. Treatment records from the 1989 work-related injury do not include findings of arthritis. The Board also finds the Veteran less than credible in reporting his continuous symptoms or the circumstances of his injury. During service, he reported a history of injury at age 9, but later said in the injury happened to his sister. SSA records note that he "originally" injured his back in 1989. There is no indication in the SSA records of any prior back injury. The inconsistencies in the Veteran's statements over time are significant in this case and unlikely to be the product of mere differences in the retelling of the same story. Hence, the criteria for presumptive service connection for the back disability as a chronic disease have not been satisfied. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

The only other evidence in the record concerning the etiology of the Veteran's back disorder is the Veteran's own statements. While lay persons are competent to provide opinions on some medical issues, the Board finds the Veteran not credible in terms of the history and circumstances of his back injury. In addition, the disability at issue in this case could have multiple possible causes and thus, falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 429 F.3d 1372 (Fed. Cir. 2007). 

III. Service Connection for a Left Knee Condition

A May 2009 disability evaluation completed by Dr. Z. in conjunction with the Veteran's SSA claim benefits indicates that Dr. Z. reviewed an X-ray of the Veteran's left knee which revealed that there was not a left knee condition. VA treatment records during the appeal period show complaints of pain in the left knee, but do not reflect that any underlying left knee condition has been diagnosed. Pain alone, without a diagnosed or underlying condition, is not a disability for which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282 (1999). Although the Veteran is competent to provide evidence regarding experiencing pain in the left knee, in this case, the diagnosis of whether he has an underlying left knee condition is not a matter that can be observed and described by a lay person. Kahana, 24 Vet. App. at 428; Jandreau, 429 F.3d at 1372. Therefore, the Veteran's assertions as to diagnosis of a left knee condition have no probative value.

As a preponderance of the evidence is against a finding that the Veteran has a current left knee condition, the claim must be denied, as he does not meet a threshold requirement for service connection, either on a direct or secondary theory of entitlement. Thus, it is unnecessary to proceed any further on the analysis of this claim. See McClain v. Nicholson, 21 Vet. App. 319 (2007); see also Brammer v. Derwinski, 3 Vet. App. 223 (1992).




 (CONTINUED ON NEXT PAGE)




ORDER

Service connection for a back disability is denied. 

Service connection for a left knee disability is denied. 




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs