# United States Court of Appeals for the Federal Circuit

2007-7093

DERREL R. DYE,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel, and Michelle D.D. Bernstein, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Michael J. Timinski, Deputy Assistant General Counsel.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

# United States Court of Appeals for the Federal Circuit

2007-7093

DERREL R. DYE,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 16, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

FRIEDMAN, <u>Senior Circuit Judge</u>.

A veteran primarily contends that in adjudicating (and denying) his claim for disability compensation, because his present disability was not service connected, the Department of Veterans Affairs ("Department") erred in failing to consider and apply the presumption of service connection in 38 U.S.C. § 105(a).  The Court of Appeals for Veterans Claims ("Veterans Court") held that, in the absence of any connection between the veteran's current medical problems and his in-service ones, the presumption was inapplicable.  We affirm.

I

The appellant, Derrel R. Dye, served on active duty in the armed forces from 1958 to 1975. During that time he made complaints of pain in the back, ankles, knees, and feet. Following his discharge, in 1980 he was injured at work and developed back pains. From 1997 to 2003, the Department treated him for multiple joint pain.

In 1996 Dye filed with the Department's regional office an application for disability benefits for "[p]ain in lower back, both knees & ankles." In its final decision, rendered after extensive proceedings and following a prior appeal and remand by the Board of Veterans Appeals (the "Board"), the regional office rejected Dye's claims. As the Board stated, the regional office "denied the veteran's claim for service connection for multiple joint pain, to include the low back, ankles, knees and great toes."

The Board denied "[s]ervice connection for disability characterized by multiple joint pain to include the low back and bilateral ankles, knees and great toes." The Board explained: "after a careful review of the record, the Board finds that the preponderance of the evidence is against the claim of service connection for a disability characterized by multiple joint pain to include the low back and bilateral ankles, knees and great toes."

In a single judge order, the Veterans Court affirmed. The court rejected Dye's argument that because "he had multiple joint injuries and pain while he was in service[,] . . . he was therefore entitled to disability compensation for his current multiple disabilities pursuant to the presumptions of service connection under section 105(a) and soundness under section 1111." This argument, the court stated, reflected "a misunderstanding of both presumptions." The court explained:

"[S]ection 105(a) creates a presumption of service connection, that is, that a disability first manifested or aggravated during active duty is deemed to be service connected, unless such injury or disease was a result of the person's own willful misconduct or abuse of alcohol or drugs." The in-service occurrence of an injury or disease, however, does not automatically lead to compensation for future disabilities. Despite Mr. Dye's argument to the contrary, there still must be a nexus between an in-service injury or disease and the disability for which disability compensation is sought. In this instance, the Board found that Mr. Dye's current multiple joint pain was not related to his in-service multiple joint injuries or pain. This finding is not disputed by Mr. Dye and, based on the record as a whole, is not clearly erroneous. Given this finding, section 105(a) is not applicable and it was not error for the Board not to discuss it. [citations omitted]

The court further ruled that

the presumption of soundness is for application in instances where an injury or disease is first noticed while a veteran is in service. In such cases, the injury is presumed to have occurred in service unless clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service . . . The presumption of soundness is not for application to establish causal connection between his current injury or pain and his in-service pain; therefore, it was not error for the Board to not discuss it. [citations omitted]

II

At all levels at which this case was considered – the regional office, the Board and the Veterans Court – the sole question, and the dispositive issue, was whether Dye's present medical problems were service connected, i.e., were they "incurred in or aggravated by" his military service. Cf. 38 U.S.C. § 1112(a), (b). There was conflicting evidence on this subject, and the regional office concluded that the necessary relationship had not been established.

The Board began its opinion by stating "THE ISSUE" as "[e]ntitlement to service connection for a disability characterized by multiple joint pain . . . ." Its ultimate finding was that "the preponderance of the evidence is against the claim of service connection for a disability characterized by multiple joint pain . . ." and its "ORDER" "denied" "[s]ervice connection for a disability characterized by multiple joint pain."

The Veterans Court's order began by stating that Dye appealed a Board decision "that denied his claim for disability compensation for multiple joint pain because his disabilities were not service connected." The court held that the Board's "[f]ind[ing] that Mr. Dye's current multiple joint pain was not related to his in-service multiple joint injuries or pain . . . is not clearly erroneous." As Dye recognizes in his brief, we have no jurisdiction to review that factual determination. Brief of Claimant-Appellant at 14, <u>Dye v. Nicholson</u>, No. 07-7093 (Fed. Cir. Mar. 15, 2007). Under 38 U.S.C. § 7292(d)(2), except for constitutional issues, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

The Veterans Court correctly held that, in these circumstances, the two presumptions Dye invoked were irrelevant, and the Board therefore properly declined to discuss them.

The presumption in 38 U.S.C. § 105(a) states in relevant part:

> An injury or disease incurred during active military, naval, or air service will be deemed to have been incurred in line of duty and not the result of the veteran's own misconduct when the person on whose account benefits are claimed was, at the time the injury was suffered or disease contracted, in active military, naval, or air service, whether on active duty or on authorized leave, unless such injury or

disease was a result of the person's own willful misconduct or abuse of alcohol or drugs.

The presumption that an "injury or disease" incurred during service "will be deemed to have been incurred in line of duty and not the result of the veteran's own misconduct" deals with the situation where there is a question whether the in-service medical condition was incurred in "line of duty" or outside such duty because it resulted from the veteran's own misconduct. It has nothing to do with the only question in the present case: whether Dye's post-service medical problems were service connected, i.e., were caused by his in-service medical problems.

Dye apparently contends that because his present medical conditions are similar to those he had in the service, the presumption somehow operates to relieve him of a need to show that the current problems are related to, and the result of, those earlier ones. In Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004), this court in substance rejected that argument. As we there stated, id. at 1166-67:

> [T]he mere fact that a serviceman has suffered a service-connected disease or injury does not automatically lead to compensation for future disabilities . . . while section 105(a) establishes a presumption that the disease or injury incurred during active duty is service-connected, the veteran seeking compensation must still show the existence of a present disability and that there is a causal relationship between the present disability and the injury, disease, or aggravation of a preexisting injury or disease incurred during active duty. (footnote omitted).

In the present case, Dye did not show "a causal relationship" between his in-service and post-service medical problems. The presumption cannot fill that gap and, therefore, is irrelevant.

The other presumption, captioned "Presumption of sound condition," also relates to a veteran's medical problems while in service, and not to his current medical condition. The presumption states that, for "purposes of section 1110 . . ."

> every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C. § 1111.

Section 1110 provides compensation for veterans "[f]or disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war . . . ."

The "presumption of sound condition" addresses the situation where a question arises whether a veteran's medical problems that arose during service existed before he joined the armed forces and, therefore, were not incurred "in line of duty." In that case, as the Veterans Court stated, "the injury is presumed to have occurred in service unless clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service." Here there is no contention that prior to his service Dye already had multiple joint pains.

Dye does not contend that there is a presumption that because his current medical problems are similar to those he had during service, they are related to the latter. At oral argument, however, he stated that the presumptions he invokes may significantly affect a veteran in other contexts, such as treatment in Department medical facilities. That may well be, but it is not a valid reason for requiring the Department to

consider and apply those presumptions in this case. Adjudicatory tribunals, both administrative and judicial, customarily decide only the issues presented in the cases before them and not issues that may arise in other contexts in other cases. There is no principle that requires a tribunal to decide an issue that may arise in another case – yet such an advisory opinion apparently is what Dye seeks.

## CONCLUSION

The judgment of the Veterans Court is

<u>AFFIRMED</u>.