NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WANDA WILLIAMS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1030

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1754, Judge Michael P. Allen.

---

Decided: February 18, 2025

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, argued for claimant-appellant.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before STOLL, CLEVENGER, and CUNNINGHAM, *Circuit Judges.*

CLEVENGER, *Circuit Judge.*

Mrs. Wanda Williams ("Mrs. Williams"), on behalf of her deceased husband, Mr. Thomas Williams ("Mr. Williams"), seeks review of the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which upheld the findings of the Board of Veterans' Appeals (the "Board") rejecting Mr. Williams's allegations of clear and unmistakable error ("CUE") in his case. *Williams v. McDonough*, No. 22-1754 (Vet. App. Aug. 24, 2023). For the reasons set forth below, we affirm the Veterans Court's final decision.

I

Mr. Williams served honorably in the United States Army from January 1969 to May 1970. In 1973, Mr. Williams sought compensation for an alleged back condition which he claimed was caused by carrying a footlocker in November of 1969. Following tests and an examination, the Department of Veterans Affairs' ("VA") regional office ("RO") denied Mr. Williams's claim on January 1, 1975. The Rating Decision noted that Mr. Williams "gave [a] history of injury to his back in civilian life from lifting heavy metal and also being thrown from a car." Further, Mr. Williams's separation exam from when he left the Army was "negative for a back injury." The report also noted that an X-ray of Mr. Williams's spine "was normal except for [a] finding of spina bifida of S1" and Mr. Williams did not have "any treatment for a back condition until 1/30/73." The RO found "no evidence of trauma to the back in service nor [any] aggravation of preservice back condition." In further explaining why it was denying compensation, the RO noted

that the "[r]esiduals, low back strain" Mr. Williams complained about "were not incurred in nor aggravated by service," and that the "[s]pina [b]ifida . . . [was] not classed as a disease or injury by our laws and regulations." The 1975 decision became final when Mr. Williams failed to file a timely Notice of Disagreement challenging the determination and failed to submit new and material evidence within one year of the decision's promulgation.

## II

In April 2011, Mr. Williams applied to reopen his back disability claim, arguing that "[w]hen [he] was in basic training, [his] legs and feet and back gave out on [him]" and that he was improperly denied service connection. Following a review, in June 2012, the VA granted Mr. Williams compensation for "conditions . . . related to [his] military service" including a "[d]egenerative disc disease" with an effective date of April 12, 2011 (the "2012 decision"), though the VA provided no explanation or reasoning for its findings of service connection for degenerative disc disease. Like the 1975 decision, the 2012 decision became final because Mr. Williams did not file a timely Notice of Disagreement challenging the decision, nor did he submit new evidence and material evidence within one year of its promulgation.

## III

In 2021, Mr. Williams engaged an attorney to challenge the 1975 and 2012 rating decisions on the ground of clear and unmistakable error ("CUE"). CUE is a very specific and rare kind of error, which if proved allows collateral attack on an otherwise final decision. 38 C.F.R. § 3.105. CUE claims against rating decisions are authorized by statute. 38 U.S.C. § 5109A. To prevail, a CUE claimant must show that the alleged error (1) is "based on the record and the law that existed at the time of the prior adjudication in question"; (2) is "undebatable"; and (3) "would have manifestly changed the outcome at the time it was made."

*George v. McDonough*, 991 F.3d 1227, 1233 (Fed. Cir. 2021) (cleaned up).[1]  Misinterpretation of applicable law or failure to consider evidence of record thus can lead to CUE.

Mr. Williams's CUE claim argued error in the 1975 rating decision on two grounds.  First, Mr. Williams claimed that the rating decision denied service connection "due to a finding that [his spina bifida] back condition was a congenital or developmental disability," and as such was not compensable.  Mr. Williams claimed that the focus instead should have been on his lower back condition, not on his congenital disability.  His CUE claim did not specify the kind of error involved in the alleged misdiagnosis of the condition for which he sought relief, but it appears that the alleged error could be one of law in misinterpreting the condition for which he sought relief.  Second, he assigned CUE error to the 1975 rating decision finding that there was no evidence of trauma to his back during service.  Mr. Williams asserted clear error in the finding of no trauma because his records showed that he suffered back strain in service.

Mr. Williams also alleged CUE in the 2012 rating decision.  That decision, which granted Mr. Williams service connection for degenerative disc disease, did not revisit the correctness of the 1975 rating decision.  Mr. Williams alleged that service records discovered after 1975 actually were available at the time of the 1975 rating decision, and as such required reassessment of the 1975 rating decision for CUE.  The RO denied Mr. Williams's CUE claims, and he timely appealed the RO decision to the Board.

In its decision dated February 3, 2022, the Board denied Mr. Williams's CUE claims.  On the first ground challenging the 1975 rating decision, the Board concluded that

---

[1]    *George* was affirmed by the Supreme Court. *See George v. McDonough*, 596 U.S. 740 (2022).

Mr. Williams was incorrect that the rating decision had denied his claim because he was seeking relief for a congenital or developmental disability. Instead, the Board found that Mr. Williams's claim was for a separate back disability, and that his spina bifida congenital condition was merely noted as an incidental finding in his medical records. On the second ground, that the finding of no trauma in service was erroneous, the Board reviewed the entirety of Mr. Williams's medical records as of the 1975 rating decision and determined that while reasonable minds might differ, the record as a whole supported the finding that his carrying of a footlocker did not constitute a traumatic event. Because a claimant cannot show undebatable error when reasonable minds thus differ, the Board rejected the second ground of Mr. Williams's CUE claims.

Regarding Mr. William's argument that the 2012 rating decision led to CUE by failing to recognize that additional factual information existed as of 1975 but was not then considered, the Board rejected it out of hand because the additional evidence cited by Mr. Williams actually was no more than duplicate copies of evidence that was before and considered by the rating board in 1975.

IV

Mr. Williams timely appealed the adverse Board decision to the Veterans Court. When Mr. Williams thereafter died, Mrs. Williams was substituted to continue the appeal on his behalf. Mrs. Williams did not pursue the claim of CUE error in the 2012 rating decision and limited her appeal to alleged CUE error in the 1975 rating decision, asserting two grounds of error. First, that the rating decision erred by determining that Mr. Williams's back condition was a non-compensable congenital or developmental defect, and second, that the 1975 rating decision failed to recognize that Mr. Williams experienced back injury trauma while in service.

The Veterans Court affirmed the Board's February 3, 2022, decision denying Mr. Williams's CUE challenge to the 1975 rating decision. Specifically, the Veterans Court agreed with the Board that the 1975 rating decision did not deny Mr. Williams's claim for relief solely on the ground he sought compensation for a congenital defect. Instead, the Board correctly determined that the 1975 rating decision denied relief for a different back condition. On the question of whether CUE error could be found in the 1975 determination that Mr. Williams had not suffered trauma in service, the Veterans Court affirmed the Board's analysis: as reasonable minds could differ as to whether the lifting of a footlocker amounted to trauma, no CUE can be found in the finding.

V

Mrs. Williams timely appealed the Veterans Court's decision to this Court. We have jurisdiction under 38 U.S.C. § 7292. Our review of a Veteran's Court decision is limited by statute. Fundamentally, we are limited to the assessment of challenges to the validity or interpretation of laws or regulations relied on by the Veterans Court, and may not review factual determinations unless they are connected to constitutional challenges. *See id.*; *Smith v. McDonough*, 101 F.4th 1375, 1377-78 (Fed. Cir. 2024) (citing 38 U.S.C. § 7292(d)(2)).

VI

The relief Mrs. Williams seeks in this case is to establish an earlier effective date than April 12, 2011 for Mr. Williams's lower back disability. If CUE were found in the 1975 rating decision, meaning that it is undebatable that Mr. Williams should have been awarded service connection for his lower back disability in 1975, then the earlier effective date of 1975 would be warranted. But, as we will explain below, there is no legal error in the determination of no CUE in the 1975 rating decision, and the April 2011 effective date must stand.

On appeal, Mrs. Williams reframes her first argument of error in 1975 compared to the arguments she made before the Board and the Veterans Court. Instead of arguing directly, as she did below, that the 1975 rating decision was wrongly focused on a claim for relief based on a congenital condition, she now argues that the Board improperly bifurcated the issue "of whether or not the veteran suffered from spina bifida instead of lower back injury." Appellant's Br. 4-5. As a consequence of the alleged bifurcation error, Mrs. Williams argues that the "presumption of soundness" applies and would require the Board to "give a sympathetic reading" and "not hold [her] to an 'undebatable' standard." Appellant's Br. 5. Mrs. Williams asserts that if Mr. Williams's back injury (as opposed to his congenital condition) is "capable of getting worse, the presumption of soundness applies" but she does not explain why the Board must give a "sympathetic reading" nor to what fact or issue the Board must give such a reading. Nor does Mrs. Williams explain why the finding that Mr. Williams's back condition is capable of worsening would require revising the CUE standard to find CUE even when the claim for CUE relief is debatable.

First, there is no "bifurcation error" in the 1975 rating decision. As first the Board and then the Veterans Court explained, the 1975 rating decision considered whether Mr. Williams was entitled for relief for an injury to his back while in service. No consideration was given to whether Mr. Williams was claiming entitlement for a congenital condition, which was simply noted in passing in his medical records. Because there is no error in the 1975 rating decision's analysis of Mr. Williams's medical condition, her presumption of soundness argument lacks any argued basis. Even so, her suggestion that there is room for the presumption of soundness in the CUE analysis of this case lacks merit.

The presumption of soundness principle has statutory roots. "[E]very veteran shall be taken to have been in

sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders, noted at the time of examination, acceptance and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service." 38 U.S.C. § 1111. The principle serves to prevent the government from easily contending that a veteran's condition resulted from a pre-service injury when the veteran's entrance examination showed no previous injury. *See Dye v. Mansfield*, 504 F.3d 1289, 1292-93 (Fed. Cir. 2007). This case does not invoke the presumption of soundness because the record is devoid of any claim that Mr. Williams's 1975 claim was denied based on a pre-service condition not noted upon entrance to service. To the extent Mrs. Williams may be arguing that the presumption of soundness somehow arose in connection with the 1975 rating decision and was not properly rebutted by the government, we note that questions of the sufficiency of evidence to support rebuttal are matters of fact beyond the reach of our jurisdictional authority to review decisions of the Veterans Court. *See Harris v. West*, 203 F.3d 1347, 1351 (Fed. Cir. 2000). In short, the presumption of soundness is triggered by a veteran's entrance examination, not by an alleged bifurcation of a veteran's claims, as argued by Mrs. Williams.

Mrs. Williams's "sympathetic reading" argument cites *Moody v. Principi*, 360 F.3d 1306 (Fed. Cir. 2004) for support. In that case, the veteran filed a CUE claim arguing that the rating agency failed to properly consider an informal claim for secondary service connection. *Id.* at 1309. The Board and Veterans Court held that the veteran had not sufficiently raised his informal claim and thus no CUE error was committed in failing to consider the claim. *Id.* This Court held that the Board and Veterans Court erred in not affording the veteran a sympathetic reading to his filings to determine all potential informal claims raised by the evidence. *Id.* at 1310. *Moody* is unavailing to Mrs.

Williams.  She points to no claim for relief denied to Mr. Williams that could survive if the claim were given a sympathetic reading.  As with her reference to the presumption of soundness, she cites principles of law applicable generally to veterans' claims, but those principles have no grounds for application in this case.

Mrs. Williams argues that if the presumption of soundness were applicable, and the burden was on the government to rebut the presumption by "a very high burden of proof" (clear and unmistakable evidence), then the "sympathetic reading" test would be more appropriate in this case than the requirement that a CUE error be "undebatable." Appellant's Br. 13.  This argument fails on its premise because the presumption of soundness has no practical application in this case, as explained above.  Even so, the law is clear that CUE requires an undebatable error, and this panel lacks the authority to remove or alter an element of CUE, were we so inclined, which we are not.  *Deckers Corp. v. United States*, 752 F.3d 949, 964 (Fed. Cir. 2014) ("We have also adopted the rule that a panel of this court—which normally sits in panels of three, and not en banc—is bound by the precedential decision of prior panels unless and until overruled by an intervening Supreme Court or en banc decision.").

Mrs. Williams also reframes the second argument she made below.  Instead of arguing, as she did below, that the record actually showed a trauma resulting from carrying the footlocker, she now argues that the 1975 rating decision established an additional specific "trauma requirement" that must be satisfied to establish service connection for an injury, contrary to 38 C.F.R. § 3.303, which does not require proof of trauma to demonstrate service connection.[2]

---

[2]    38 C.F.R. § 3.303(a) states, "Service connection connotes many factors but basically it means that the facts, shown by evidence, establish that a particular injury or

Although argued for the first time here, Mrs. Williams raises an interpretation of law issue within our jurisdictional reach.

The only in service event relating to Mr. Williams's back was his November 1969 complaint of back strain from carrying a footlocker. The 1975 rating decision did not consider that complaint to identify a traumatic event, but also did not deny the claim because the event was less than traumatic. The claim was denied for lack of service connection because the rating decision did not find a connection between the single in-service event in November of 1969 and Mr. Williams's back condition at the time he applied for benefits in 1973. The record does not support Mrs. Williams's contention that the 1975 rating decision denied her husband's claim because his 1969 back strain was not a traumatic injury, thus requiring trauma as an element to show service connection.

### CONCLUSION

Mrs. Williams fails to show CUE in the 1975 rating decision, and therefore we affirm the final decision of the Veterans Court.

## AFFIRMED

### COSTS

No costs.

---

disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein."